ACQUACKANONK BUILDING AND LOAN ASSOCIATION, PAS-
SAIC, NEW JERSEY, a corporation of New Jersey, com-
plainant-appellee,

*v.*

CHRISTENSEN DRUG COMPANY, INCORPORATED, a corporation
of New Jersey, et al., defendants-appellants.

[Decided May 11th, 1938.]

*Mr. Vernet A. Arnold (Mr. Chester W. Fairlie,* of coun-
sel), for the complainant-appellee.

*Mr. William N. Gurtman,* for the defendants-appellants.

The opinion of the court was delivered by

PORTER, J.

This is on appeal from a decree of the court of chancery
advised by Vice-Chancellor Lewis. The bill is to foreclose
a mortgage of the Christensen Drug Company, Incorporated,
hereinafter called Drug Company. The defendants-appel-
lants Harry A. Hecht and Abram Preiskel were obligors on
the bond which accompanied the mortgage. They were made
parties to the foreclosure suit for the purpose of holding them
liable for any deficiency which might result from the sale of
the mortgaged premises as required by *P. L. 1933 ch. 82
p. 172.*

Both of these individual defendants filed answers asserting that the bond, though signed by them, was not, in fact, delivered and so is legally inefficacious as against them. Hecht also filed a counter-claim seeking the recovery of money claimed to have been paid by him to the complainant-appellee under mistake of fact. The vice-chancellor in his opinion reviews the testimony and the events leading up to the signing of the bond by both of these defendants.

It appears that in 1926 the Rutherford Amusement Company mortgaged the premises in question together with other premises to the complainant-appellee to secure a loan of $15,000. The bond then given was also signed by both defendants-appellants and one Daniel Rentschler. The three individuals were all of the stockholders, officers, and directors of the Amusement Company.

In 1927 part of the originally mortgaged premises were conveyed to the Drug Company by the Amusement Company. Concurrently with that conveyance a new mortgage was executed to the complainant-appellee to secure the sum of $10,000, whereupon the $15,000 mortgage, above referred to, was surrendered for cancellation. The new bond accompanying this $10,000 mortgage was signed by the Drug Company, and the defendants-appellants Hecht and Preiskel. At that time Rentschler was no longer a stockholder of the Amusement Company.

In 1932 the Drug Company, having defaulted in its payments under the mortgage, was advised by complainant-appellee that unless satisfactory arrangements were made foreclosure proceedings would be instituted. As a result of that notification it was agreed between the Drug Company and Hecht, Preiskel and Rentschler that $110 per month would be paid the complainant-appellee which it had demanded be done, and that the three individuals would pay the sum of $60 and the Drug Company $50 monthly to make up the sum.

In 1933 the complainant-appellee required a recasting of the mortgage loan for the amount then due, whereupon, in compliance therewith, a new bond and mortgage to secure the

sum of $8,100 was executed by the Drug Company to the complainant-appellee. The bond accompanying this mortgage was likewise signed by Hecht and Preiskel as was the previous one of $10,000. Mr. Vernet A. Arnold was attorney for the complainant-appellee when the $8,100 mortgage was executed, and he attended to the details of that transaction. The defendants' contention is that there was no delivery of this bond, that it was delivered to Mr. Arnold in escrow to hold until the signature of Rentschler was obtained, and was not to be delivered or to become effective until that time.

The question of whether or not there was an escrow is the main question in the case. The testimony is at variance on that point. Mr. Arnold says that he did not act as special agent for the defendants-appellants, and that the bond was not delivered to him to hold in escrow until Rentschler's signature was obtained. He further states that he did not even know Rentschler and had never heard of him in connection with the transaction until the answer was filed. Preiskel, who testified, does not say that he delivered the bond to Mr. Arnold or to anyone else conditional that it was to be held in escrow until signed by Rentschler. There is no dispute in the testimony as to when, where, and under what circumstances Preiskel signed the bond, but the solution of that is not necessary to determine the question of escrow. Hecht alone gave testimony of the alleged escrow. He says that when he signed the bond Preiskel's signature was not on it, that he then delivered it to Mr. Arnold with instructions that it was not to be delivered to the complainant-appellee until it had been signed by both Preiskel and Rentschler.

We think that the testimony abundantly justifies the conclusion that this bond was, in fact, delivered to Mr. Arnold as attorney for the appellee absolutely and unconditionally by Hecht and Preiskel, that he was not special agent for them, and that there was no escrow. He acted properly, therefore, in immediately recording the mortgage and in delivering the bond to his client, both of which he did.

As to the counter-claim, we conclude that the testimony utterly fails to establish that the payments made to appellee

of $60 a month by Hecht, Preiskel and Rentschler, were made under any mistake of fact; consequently the counter-claim of Hecht fails.

The decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 14.

*For reversal*—None.